**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br><br>     Paul Alex Siladi, Jr.<br><br>     *Debtor* | Case No. 25-30489 (AMN)<br>Chapter 13 |
| Paul Alex Siladi, Jr.<br><br>     *Movant*<br><br>v.<br><br>Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Washington Mutual Mortgage Securities Corp. WaMu Mortgage Pass-Through Certificates, Series 2005-AR6 and its assigns<br><br>     *Respondent* | <br><br><br><br><br><br><br><br><br><br><br><br>Re: ECF Nos. 34, 49, 56, 99,101, 106, 111, 112 |

**ORDER GRANTING IN PART MOTION TO MODIFY SCHEDULING ORDER, AND MOTION TO QUASH DEPOSITION, AND AMENDED PRE-TRIAL SCHEDULING ORDER ESTABLISHING EVIDENTIARY HEARING DATES**

On April 24, 2026, the Court entered a Pre-Trial Scheduling Order establishing certain deadlines relating to a July 9, 2026, evidentiary hearing.  ECF No. 89 (the "PTO").  Subsequently, respondent Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Washington Mutual Mortgage Securities Corp. WaMu Mortgage Pass-Through Certificates, Series 2005-AR6 and its assigns (the "Bank") moved to extend all deadlines in the PTO by 30 days, due to the Debtor's purported ill health.  ECF No. 99 (the "Motion to Extend Time").  The Debtor objects to the Motion to Extend time, arguing 30 days is excessive.  ECF No. 111 (the "Objection").  Relatedly, the Debtor filed a Motion to Quash the Bank's request to depose him.  ECF No. 112 (the "Motion to

Quash").  In the interests of judicial economy, the Court will address each of these matters via one Order.

Where the Bank's Motion to Extend Time is largely premised upon the Debtor's ill health, the Court ascribes significant weight to the Debtor's Objection claiming additional time is unnecessary.  However, it is apparent that the Bank and the Debtor are not currently adhering to the PTO's deadlines and so a brief extension of time will be provided, in order to get this case back on track for the scheduled July 9, 2026, evidentiary hearing.

Pursuant to Fed.R.Bankr.P. 7026, 7030, and 9016, incorporating Fed.R.Civ.P. 26, 30, and 45 respectively, the Court may quash a subpoena that subjects a person to undue burden or limit discovery that is unreasonably duplicative.  It is left to the Court's discretion to quash a subpoena. *Estate of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009); *Lapolice v. Fam., LLC*, 2024 U.S. Dist. LEXIS 88302, at *2 (S.D.N.Y. Apr. 2, 2024).

However, "[a] prohibition against the taking of an oral deposition is a very unusual procedure and a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order." *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18CV1781PGGBCM, 2020 WL 4041058, at *2 (S.D.N.Y. July 17, 2020) (*quoting In re McCorhill Pub., Inc.*, 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988)).  "The party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (cleaned up).

It is undisputed by the parties that the Debtor has suffered a serious medical complication but there is no question that the discovery sought is relevant to the claims asserted in this action and generally, modification of a subpoena is preferable to quashing it outright.  *See, e.g.*, *Bounkhoun v. Barnes*, No. 15-CV-631A, 2020 U.S. Dist. LEXIS

55061, at *18 (W.D.N.Y. Mar. 30, 2020).  Accordingly, the Court will modify the scope of the Bank's subpoena to permit a limited oral deposition of the Debtor, after the completion of written discovery, via remote video conferencing or other such means that are mutually agreeable to the Bank and Debtor, no to exceed two hours.

Notably, the Motion to Extend Time alleges the Debtor failed or refused to meet and confer with the Bank regarding the preparation of a joint statement of undisputed facts and the Debtor does not address this allegation in his various motions/objections. Because this joint statement is an important tool for the Court to proceed efficiently at the evidentiary hearing, the Court will set a new deadline for the Debtor and the Bank to meet and confer and prepare a joint statement.  However, the Court will now place the burden to arrange a meeting and to file the joint statement on the Debtor.

Accordingly, it is hereby

**ORDERED**: The Motion to Extend Time (ECF No. 99) is GRANTED IN PART and the Objection (ECF No. 111) is SUSTAINED IN PART, as set forth in the schedule below; and, it is further

**ORDERED**: The Motion to Quash (ECF No. 112) is GRANTED IN PART, as set forth below; and, it is further

**ORDERED**:

1. On or before June 12, 2026, the Litigants must file a joint statement of undisputed material facts.  If the Litigants cannot agree on a fact, it should be separately identified as a disputed material fact.  <u>The Debtor shall be responsible for timely filing the joint statement of undisputed material facts after meeting and conferring with the Bank.</u>  A "meet and confer" to prepare the joint statement may be held via

telephone or video conference, or by an in-person meeting, but may not be held solely via written or email correspondence.

2. On or before June 19, 2026, all written discovery must be completed.  The Court notes that the anticipated scope of discovery is extremely narrow, because the only outstanding evidentiary question appears to be the nature and dollar value of any damages asserted by the Debtor.

3. The Court notes if the Debtor is the only witness who will testify at the July 9, 2026, evidentiary hearing and cross-examination at that time, rather than a costly deposition would likely be sufficient for the Bank's purposes, given the nature of these proceedings.  Accordingly, the Court will require the Bank file a statement on June 19, 2026, detailing the reasons cross-examination is not sufficient, and upon showing good cause the Court will permit an oral deposition of the Debtor, not to exceed two hours, to be conducted via video conference or other such means as are mutually agreeable to the Bank and Debtor. Such deposition shall occur on or before July 2, 2026, but not before June 23, 2026

4. On or before June 24, 2026, each Litigant must file a list of exhibits, following the procedure described in EXHIBIT A to this Scheduling Order.  Listing of an exhibit does not imply an obligation on the listing party to offer the exhibit in evidence.  No Litigant may use an exhibit at trial unless it is included in that Litigant's list of exhibits.  For good cause shown, the Court may consider whether an unlisted exhibit may be used for cross-examination or rebuttal.

5. On or before June 24, 2026, each Litigant must file a list of witnesses.  Listing of a witness does not imply an obligation on the listing party to call the witness.  No

party may call a witness who is not on that party's witness list, unless good cause is shown.

6. On or before June 24, 2026, to the extent any Litigant wishes to provide an affidavit in lieu of direct testimony by any witness identified in their witness list, such affidavits must be filed.  However, all witnesses must still appear, in person, for cross examination unless all Litigants agree, in writing, that no cross examination of the subject witness is necessary.

7. On or before June 26, 2026, any motion *in limine* must be filed.

8. On or before July 1, 2026, any objection to a motion *in limine* must be filed.

9. On or before July 3, 2025, each litigant must file a statement of proposed findings of fact and conclusions of law.  A party's statement of proposed findings of fact should include a plain, concise statement of each proposed fact the party expects to establish at trial, set forth in separately numbered paragraphs.  A party's statement of conclusions of law should include a plain, concise statement of each legal conclusion (and any supporting legal authority) the party expects the Court to draw after trial, set forth in separately numbered paragraphs.  The statement of proposed findings of fact and conclusions of law is not to be argumentative or a memorandum of law, but rather should be a point-by-point summary of the factual record the party intends to present and the precise legal authority the party relies upon to establish its legal claim or defense.  If a Litigant's statement does not comply with the spirit of this paragraph, it will not be considered by the Court.

10. On July 9, 2026, at 9:00 a.m., any Litigant intending to examine or cross-examine any witness must participate in a technology practice in the courtroom at 157 Church Street, 18th Floor Courtroom, New Haven, Connecticut.

11. Commencing on July 9, 2026, at 10:00 a.m. the Court will hold an evidentiary hearing at 157 Church Street, 18th Floor Courtroom, New Haven, Connecticut.

12. Due to the extremely narrow scope of this evidentiary hearing the Court intends to limit each Litigant to a maximum of two (2) hours.  However, upon showing good cause, a party may request an enlargement of time.

13. The Clerk of Court is requested to mail a copy of this order to the Debtor, from New Haven.

Dated this 29th day of May, 2026, at New Haven, Connecticut.



*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut