**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

In re: PAUL ALEX SILADI, JR.,

     Debtor

Case No. 25-30489 amn

Chapter 13

**STATEMENT IN SUPPORT OF DEPOSITION OF MR. SILADI**

Deutsche Bank National Trust Company as trustee, on behalf of the holders of the Washington Mutual Mortgage Securities Corp., WAMU Mortgage Pass-through Certificates, Series 2005-AR6 (the "Trust") submits this Statement in support of the Deposition of Mr. Siladi, based on the May 29, 2026 modified scheduling order. (ECF 114). The Trust has good cause to conduct the deposition of Mr. Siladi.

**I.       PRELIMINARY STATEMENT**

The Trust's due process rights require that Mr. Siladi be deposed regarding the allegations in the motions for sanctions, including but not limited to addressing causation and damages. A party against whom sanctions are sought has a due process right to assert a defense, which is materially impaired in the absence of a deposition. Mr. Siladi has indicated he is claiming medical bills which may exceed $58,000 for treatment he claims was caused by the August 1, 2025 filing of a proof of claim in this matter. He has further indicated that Medicare may satisfy 80% of those medical bills. Mr. Siladi has also alluded to a note from a doctor he intends to offer at the July 9, 2026 hearing on the motions for sanctions. No documents have been produced in response to the Trust's requests for production for all documents to be offered at the July 9, 2026 hearing. There is ample good cause to permit a deposition of Mr. Siladi, which comports with the due process rights of the Trust.

1

## II.     PROCEDURAL BACKGROUND

On April 24, 2026, the Court entered a scheduling order regarding Mr. Siladi's motions for sanctions. (ECF 34, 39, 56). The motions for sanctions seek $100,000 in damages as a sanction, punitive damages, civil contempt and a finding of a willful violation of the discharge injunction. On April 29, 2026, the Trust issued a notice of deposition to Mr. Siladi, with 13 Requests for Production and a deposition date of May 29, 2026. On May 14, 2026, the Trust filed a motion to modify the scheduling order. (ECF 99). On May 26, 2026, Mr. Siladi filed a motion to quash the deposition. (ECF 109). On May 19, 2026, the Trust filed a notice of proposed order on the motion to modify scheduling order. (ECF 106). On May 26, 2026, Mr. Siladi filed an objection to the motion to modify the scheduling order. (ECF 111). On May 28, 2026, Mr. Siladi filed a motion to quash the deposition. (ECF 112). On May 29, 2026, the court issued an order granting in part the Trust's motion to modify the scheduling order and Mr. Siladi's motion to quash the May 29, 2026 deposition. The May 29, 2026 Order provides in relevant part that the Trust is required to file a Statement by June 19, 2026 regarding whether a deposition of Mr. Siladi will be permitted. Under the May 29, 2026 Order, written discovery is to be completed by June 19, 2026. On June 4, 2023, the Trust filed a motion for clarification regarding the May 29, 2026 Order, memorandum, and motion to shorten notice, due to Mr. Siladi's absence of compliance with the Trust's Production Requests. (ECF 117, 118). On June 5, 2026, the court granted the motion to shorten notice and issued an order that any objection to the motion for clarification was due by June 10, 2026. (ECF 119). No objection was filed.

On June 9, 2026, Mr. Siladi was present in court and agreed to provide compliance with the Trust's Requests for Production by Friday, June 12, 2026. On June 16, 2026, the court granted the Trust's motion for clarification, and ordered that responses to the Trust's Requests for

2

Production were due on June 12, 2026. (ECF 134). Mr. Siladi has not provided any documents in response to the Trust's Requests for Production. Mr. Siladi has indicated he is claiming medical bills which may exceed $58,000 for treatment he claims was caused by the August 1, 2025 filing of a proof of claim in this matter. He has further indicated that Medicare may satisfy 80% of those medical bills. Mr. Siladi has also alluded to a note from a doctor he intends to offer at the July 9, 2026 hearing on the motions for sanctions which has not been produced. The Trust's Requests for Production seek copies of all documents to be offered as exhibits at the July 9, 2026 hearing. Exhibit A. No documents have been produced.

## III.   ARGUMENT

### A. Discovery Standard in a Contested Matter

Included within due process protections is the opportunity to make arguments against the imposition of sanctions. *Satcorp Int'l Group v. China Nat'l Silk Import & Export Corp.,* 101 F. 3d 3, 5-6 (2nd Cir.) (1996). The Constitution requires the provision of procedural protections before a non-compensatory, punitive fine can be demanded from a party. Id.

Parties may take depositions in contested matters, as FRBP 7030 incorporates Fed R. Civ. P. 30. *See* FRBP 9014(c); *Englund v. SBS Fin. Sevs. (In Re Englund),* 401 B.R. 377 (2009) (FRBP 9014 "provides essentially the same due process requirements for contested matters as are applicable to adversary proceedings…"). "The Federal Rules of Civil Procedure, which provide a uniform and time tested method of procedural administration, have been held to apply in bankruptcy litigation so that the procedure for bankruptcy cases will conform as closely as possible with the procedure followed in other civil litigation." (citation omitted). *In Re Analytical Systems, Inc.,* 71 B.R. 408, 410 (1987). "Former Bankruptcy Rules 726, 121, and 914 adopted the Rules of Civil Procedure in adversary proceedings, proceedings on a contested petition, and other contested

55043\330210989.v1

matters respectively. *See 2 Collier on Bankruptcy* P21.34, at 379-82 (14th ed. 1976). These rules provided parties in interest with an entitlement to all of the rights granted in the Federal Rules of Procedure and presented a wide range of methods for obtaining facts and clarifying issues prior to trial." *In Re Analytical Systems, Inc.,* 71 B.R. 408, 410. "The underlying purpose of incorporating Federal Rules of Procedure into contested matters is to provide due process protections to all parties of a dispute even though it does not rise to the status of a formal adversary proceeding. 13 *Collier on Bankruptcy* P914.03, at 9-61 (14th ed. 1977)." *In Re Analytical Systems, Inc* at 412.

### B. <u>The Trust Has Demonstrated Good Cause to Depose Mr. Siladi</u>

The Trust's due process rights include the opportunity to present a robust defense to the motions for sanctions, which is materially impaired absent a deposition of Mr. Siladi. All of the information and evidence regarding allegations of causation and damages are in the exclusive possession and control of Mr. Siladi, not in the public domain. It appears Mr. Siladi contends that any stress-related ailments of a 79 year old, who has been involved in a 13 year mortgage foreclosure[1] with multiple appeals, two prior bankruptcies[2] and claims by multiple creditors for various debts that were reduced to judgments[3], were *solely* caused by the filing of a proof of claim on August 1, 2025, which was withdrawn on February 6, 2026. In order to sustain a claim for emotional distress damages, a debtor must prove "a close causal connection between the harm and the stay/discharge violation." *In Re Haemmerle,* 529 B.R. 17 (2015) (debtor's prior medical condition in advance of discharge violation barred emotional distress claim, as no evidence existed it was caused or worsened by creditor).

---

[1] NNH-CV13-6037510-S *Deutsche Bank National Trust Company v. Siladi*.
[2] 11-32614; 23-30535.
[3] AAN-CV21-6044069-S, *LVNV Funding, LLC v. Paul Siladi*
 AAN-CV21-6042071-S, *Discover Bank v. Paul A. Siladi.*

55043\330210989.v1

It is very likely that even before Mr. Siladi filed his third bankruptcy petition on May 29, 2025, he may have suffered emotional distress related to years of civil litigation or had other health conditions. Deposing Mr. Siladi on his civil litigation history[4] and health is material to the Trust's ability to develop and deploy a robust defense challenging causation and damages on the motions for sanctions. Deposing Mr. Siladi on how his civil litigation history-prior to August 1, 2025- impacted his health and emotional distress is material to the Trust's due process rights. Without the benefit of a deposition, the first time the Trust will have information from Mr. Siladi regarding his claimed damages and their cause will be in the midst of a sanctions hearing in which part of the relief sought is a finding of contempt. No meaningful opportunity to present a defense in advance of the hearing can occur without the deposition of Mr. Siladi, in particular if he simply intends to testify at the July 9, 2026 hearing without offering documentary evidence. It also may be the case that Mr. Siladi intends to produce documents late[5]. If so, the Trust should have the ability to depose him on those documents, to mount a robust defense.

A deposition also comports with judicial economy and bolsters the Trust's ability to conduct an effective cross-examination at the hearing. The Trust is limited to 2 hours in its defense of the motions for sanctions. (ECF 114). A pretrial deposition will streamline the July 9, 2026 hearing, by avoiding the need to explore the facts to then develop cross-examination of Mr. Siladi. The deposition may also be admissible at the July 9, 2026 hearing, which will assist the Trust in advancing a robust defense. Fed. R. Civ. P. 32(a)(2) and 32(a)(3).

---

[4] To the extent that Mr. Siladi seeks an award of damages for the conduct of civil litigation generally (excluding a claim for a discharge injunction violation) it is barred by litigation immunity, which implicates subject matter jurisdiction. *Dorfman v. Smith* , 342 Conn. 582 (2022) (dismissal of CUTPA claim involving conduct in civil litigation affirmed on litigation immunity grounds.) State law litigation immunity can be applied to a claim arising under federal law. *Wilson v. N.J. Div. of Child Prot. & Permanency,* 2019 U.S. Dist. Lexis 144839 (D. N.J.)
[5] The exhibit submission deadline is June 24, 2026.

55043\330210989.v1

The cost of Mr. Siladi's deposition will be borne by the Trust exclusively, so there is no economic burden on Mr. Siladi. Mr. Siladi has the ability to attend a deposition. The motion to quash does not include a letter from a treating physician which concludes that Mr. Siladi is unable to attend a deposition. Presumably, Mr. Siladi intends to testify at the July 9, 2026 hearing. Indeed, he appeared in court on June 9, 2026, made arguments to the court and has submitted numerous filings, demonstrating an ability to participate in a deposition.

## III.     CONCLUSION

The Trust has demonstrated good cause to depose Mr. Siladi in advance of the July 9, 2026 hearing on his motions for sanctions. A deposition comports with due process protections, to assist the Trust is developing and deploying robust arguments in its defense.

Respectfully submitted,

Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Washington Mutual Mortgage Securities Corp. WaMu Mortgage Pass-Through Certificates, Series 2005-AR6 and its assigns by its servicing agent, Select Portfolio Servicing, Inc

/s/ Geoffrey K. Milne
Geoffrey K. Milne, ct12854
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001 (facsimile)
gmilne@hinshawlaw.com

Dated:      June 19, 2026

6

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

In re: PAUL ALEX SILADI, JR.,

    Debtor

Case No. 25-30489 amn

Chapter 13

## ORDER

Deutsche Bank National Trust Company as trustee, on behalf of the holders of the Washington Mutual Mortgage Securities Corp., WAMU Mortgage Pass-through Certificates, Series 2005-AR6 has demonstrated good cause to conduct a video deposition of Mr. Siladi, or any other agreed upon means for the deposition, to occur within the timeframe of the May 29, 2026 scheduling order (ECF 114), not to exceed two hours of examination. Any document production at the deposition shall be excluded from the computation of the two hours.

_____

Judge Nevins

55043\330210989.v1

## <u>CERTIFICATE OF SERVICE</u>

I, Geoffrey K. Milne, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 19, 2026.

Paul Alex Siladi, Jr.
66 Augusta Drive
Milford, CT 06461
Snep10@gmail.com

/s/ Geoffrey K. Milne
Geoffrey K. Milne

55043\330210989.v1