JUL 1 2026 AM10:09
FILED-USBC-CT-NEW HAV

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

In re:   Paul Alex Siladi Jr                                    : CHAPTER 13

Deutsche Bank National Trust Company, As trustee, on behalf of the
holders of the Washington Mutual Mortgage Securities Corp. WaMu
Mortgage Pass-Through Certificates, Series 2005-AR6
   and its assigns by Select Portfolio Servicing, Inc.

                                                 : Case #25-30489

VS.

Paul Alex Siladi, Jr
   Respondent

Roberta Napolitano
Trustee                                                          : July 1, 2026

## RESPONDENT'S OBJECTION TO DEUTSCHE BANK'S MOTION IN LIMINE (DOC. 145)

Movant Paul Alex Siladi, Jr., pro se, respectfully objects to Deutsche Bank National Trust Company's (as trustee...) Motion In Limine (Doc. 145, filed June 26, 2026). The Motion should be denied. In support thereof, Movant states as follows:

**INTRODUCTION** Deutsche Bank seeks to preclude Movant from offering testimony regarding emotional distress and related personal injury damages at the upcoming July 9, 2026 sanctions hearing. This hearing addresses Deutsche Bank's violation of the post-discharge injunction under **11 U.S.C. § 524(a)(2)**. Deutsche Bank admitted filing Form 410 (Claim 7-1). The personal debt was discharged in a prior Chapter 7 case **14 years ago**. Movant does not owe Deutsche Bank any funds as a personal liability. Preclusion would unfairly prevent Movant from proving harm caused by Deutsche Bank's post-discharge actions.

**ARGUMENT**

**I. Movant's Assertion of HIPAA Protections Was Substantially Justified** Deutsche Bank's Requests for Production Nos. 3, 4, and 11 demanded broad categories of medical records, bills, and treatment documents. Movant responded by citing HIPAA (42 U.S.C. § 1320d et seq.) and relevant Connecticut Practice Book provisions to protect sensitive protected health information (PHI).

As a pro se elderly individual managing serious ongoing health issues, Movant reasonably invoked these federal privacy protections. This was a good-faith response to overly broad requests. See *Matheson v. Kitchen*, 515 F. App'x 21 (2d Cir. 2013). Deutsche Bank has not shown that narrower production or a protective order was unavailable. Movant has had two hospital episodes dealing with stress related issues since Deutsche Bank's filing of Form 410 on August 1, 2026. **In the entire 55 years prior to the Deutsche Bank' filing of Form 410 Movant was only hospitalized once**

**II. Preclusion Would Be Overbroad, Prejudicial, and Violate Due Process** Evidence of harm caused by Deutsche Bank's violation of § 524(a)(2) is central to the sanctions motion. Movant suffered severe emotional distress as a direct result of Deutsche Bank's post-discharge actions, including the filing of Form 410 on a debt discharged 14 years earlier. This distress manifested in extreme anxiety, and physical health deterioration. **Specifically, the ongoing stress and pressure from Deutsche Bank's filings and foreclosure pursuit directly contributed to Movant's stroke and subsequent hospitalizations.** Deutsche Bank's filing of Form 410 and the subsequent actions by the Trustee to enforce the Proof of Claim caused significant harm to Movant as he had told several business associates and potential clients that he did not owe any money to Deutsche Bank as to the property located   at 66 Augusta Drive,   Milford, CT. **The Proof of Claim Remained On The Public Record for Six Months, August 1. 2025 until February 6, 2026.** Movant will testify to the effects and timeline of these events at the sanctions hearing. Full medical records and costs associated with his hospitalization, are not the  primary issue, which is why it was necessary for Movant  to be in the hospitals in the first place.

Complete preclusion is an extreme sanction that would severely prejudice Movant's ability to prove causation and damages, especially given Movant's health limitations and pro se status. Courts disfavor discovery sanctions that decide core issues on procedural grounds alone. See *In re Residential Capital, LLC*, 491 B.R. 63 (Bankr. S.D.N.Y. 2013). Deutsche Bank has had ample discovery opportunities and can cross-examine Movant at the hearing.

**III. Lesser Alternatives Are Appropriate** If the Court has concerns, it could deny the Motion or impose narrower limits, such as allowing testimony on and its connection to Deutsche Bank's actions, plus any non-privileged evidence. This ensures fairness in addressing Deutsche Bank's discharge injunction violation and filing of Proof of Claim.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court **deny** Deutsche Bank's Motion in Limine in its entirety (or grant only narrowly tailored relief) so that Movant may present relevant testimony on damages which caused hospitalizations at the July 9, 2026 sanctions hearing. Movant requests oral argument.

Respectfully submitted,

Paul Alex Siladi, Jr., Pro Se / Movant
66 Augusta Drive
Milford, CT 06461
(203) 219-2160 snep10@gmail.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

IN RE:
PAUL ALEX SILADI, JR.
DEBTOR

CHAPTER 13
CASE NO. 25-30489

PAUL ALEX SILADI, JR.
MOVANT

VS.

DOC. No.

DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE

ROBERTA NAPOLITANO,
CHAPTER 13 TRUSTEE

JULY 1, 2026

PRPPOSED ORDER

After reviewing the above Movant's Objections to Deutsche Bank's Motion In Limine, the Court rules That the Bank's Motion be DENIED

_____
Judge Nevins

## CERTIFICATE OF SERVICE

I, Paul Alex Siladi, Jr., hereby certify that on July 1, 2026, a copy of the foregoing Objection to the Motion In Limine were mailed first class to:

Geoffrey K. Milne, Esq.
Hinshaw & Culbertson LLP
53 State Street, 27th Floor
Boston, MA 02109
gmilne@hinshawlaw.com

Jessica L. Braus, Esq.
Glass & Braus LLC
25 Lindberg Street
Fairfield, CT 06824
Tel: 203-371-2133

Roberta Napolitano
Chapter 13 Trustee
10 Columbus Boulevard, 6th Floor
Hartford, Ct 06106
Tel: (860)278-9410

U.S. Trustee
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 3
New Haven, CT 06510

_____
Paul Alex Siladi, Jr.
66 Augusta Drive
Milford, CT 06461