**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

In re: PAUL ALEX SILADI, JR.,

     Debtor

Case No. 25-30489 amn

Chapter 13

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Deutsche Bank National Trust Company as trustee, on behalf of the holders of the Washington Mutual Mortgage Securities Corp., WAMU Mortgage Pass-through Certificates, Series 2005-AR6 (the "Trust") submits its Proposed Findings of Fact and Conclusions of Law in accordance with the May 29, 2026 modified scheduling order (ECF 114).

## I.    PROPOSED FINDINGS OF FACT

1. On January 25, 2012, Mr. Siladi received a Chapter 7 discharge in case number 11-32614 (the "Discharge Order"). Joint Statement of Undisputed Facts ("JSUF") (ECF 132), #1.

2. On July 3, 2001, Paul Siladi ("Mr. Siladi") acquired title to 66 August Drive, Milford, Connecticut (the "Property"). Ex. 1; JSUF #2.

3. On November 18, 2021, Mr. Siladi conveyed the Property to Rosehill Associates, LLC ("Rosehill") by warranty deed ("Rosehill Deed"). Ex. 2; JSUF #3.

4. Mr. Siladi is a member of Rosehill.

5. Mr. Siladi has a business arrangement with Rosehill in which they would split any equity in the Property.

6. Mr. Siladi transferred the Property to Rosehill for $20,000 when he claims the Property is worth $925,000.

55043\330599879.v1

7.      Mr. Siladi did not send a copy of the Rosehill Deed to the Trust or its servicer at the time of recording.

8.      Mr. Siladi did not send a copy of the Rosehill Deed to the Trust or its servicer immediately after it was recorded.

9.      On December 6, 2021, Mr. Siladi filed a motion for articulation in the Connecticut Appellate Court in *Deutsche Bank National Trust Company as Trustee for WAMU Mortgage Pass-Through Certificate Series 2005-AR6* ("Foreclosure") which stated articulation was necessary "to address the equity of the Defendant" in the Property and concerns that "the Court is giving the Plaintiff's windfall of Appellant's equity in the Property…" Ex. 3, p. 7-8.

10.     On June 6, 2022, Mr. Siladi filed a Motion for Stay in the Foreclosure with the Connecticut Appellate Court, in which he alleged "the trial court further violated Appellant's due process right to defend his Property from an entity that could not prove standing to pursue foreclosure." Ex. 5.

11.     On February 2, 2022, Mr. Siladi filed a motion for reconsideration en banc in the Foreclosure with the Connecticut Appellate Court, seeking reconsideration of the order dismissing his appeal as frivolous on January 5, 2022, when he no longer owned the Property.

12.     On July 25, 2023, Mr. Siladi filed a Chapter 13 bankruptcy, case number 23-30535 ("Second Bankruptcy"). Ex. 7. JSUF #5.

13.     On July 31, 2023, Mr. Siladi filed a creditor matrix in the Second Bankruptcy, in which he listed Deutsche Bank National Trust Company as Trustee as an alleged secured creditor. Ex. 8.

14.     On August 21, 2023, Mr. Siladi filed Form 106A/B in the Second Bankruptcy, stating:

2

a)     He owned or had a legal or equitable interest in any residence, building, land or similar property;

b)     stated it was the Property as a single family home;

c)     stated only the debtor (Mr. Siladi) had an interest in the Property;

d)     stated the value of the portion he owned was $769,000;

Ex. 10.

15.     On August 21, 2023, Mr. Siladi filed Form 106A/B in the Second Bankruptcy, Schedule D listing Deutsche Bank National Trust as a secured creditor on the Property, and checked the box that debtor 1 owed the debt. Ex. 10.

16.     On August 21, 2023, Mr. Siladi filed Form 106Sum in the Second Bankruptcy, listing the value of total real estate he owned as $769,000. Ex. 11.

17.     On October 27, 2023, the Second Bankruptcy was dismissed upon the Chapter 13 trustee's motion to dismiss. Ex. 7. JSUF #6.

18.     On May 29, 2025, Mr. Siladi filed the instant Chapter 13 Petition ("2025 Bankruptcy").

19.     On June 11, 2025, Mr. Siladi filed Official Form 106A/B in the 2025 Bankruptcy, stating:

a)     that he owned a legal or equitable interest in a residence, building, land or similar property;

b)     that the Property is a single family home;

c)     that only the debtor (Mr. Siladi) had an interest in the Property;

Ex. 13

55043\330599879.v1

20.　　On August 1, 2025, Deutsche Bank National Trust Company filed a secured proof of claim ("POC") in the 2025 Bankruptcy regarding the Property. Ex. 19; JSUF #7.

21.　　The POC states that the amount of the claim that is unsecured is $0.00. JSUF #9.

22.　　Prior to filing the POC, Mr. Siladi did not notify the Trust or the Trust's servicer regarding the Rosehill Deed.

23.　　Prior to filing the POC, Mr. Siladi did not notify the Trust or the Trust's servicer regarding the Rosehill Deed.

24.　　Prior to filing the POC, no member of Rosehill notified the Trust or the Trust's servicer of a copy of the Rosehill Deed.

25.　　The POC was filed against the bankruptcy estate.

26.　　On February 6, 2026, the POC was withdrawn. Ex. 16; JSUF #11.

27.　　Mr. Siladi has consistently contested the Foreclosure Action prior to and subsequent to the conveyance of the Property to Rosehill.

28.　　Mr. Siladi was not coerced or harassed by the filing of the POC.

29.　　Mr. Siladi has not produced medical evidence regarding any alleged personal injuries claimed to have been sustained by the filing of the POC.

30.　　Mr. Siladi has not produced evidence of economic damages claimed to have been sustained by the filing of the POC.

31.　　Mr. Siladi resides in the Property and resided in the Property at the time the POC was filed.

32.　　Mr. Siladi has not incurred any legal fees or costs in connection with the filing of the POC.

4

33.    Subsequent to the withdrawal of the POC, Mr. Siladi has been unable to propose a feasible Chapter 13 plan.

34.    On March 25, 2026, Mr. Siladi filed his First Amended Chapter 13 Plan.

35.    On June 8, 2026, Mr. Siladi filed his Second Amended Chapter 13 Plan.

36.    At the June 9, 2026 confirmation hearing, the Trustee noted Mr. Siladi was not eligible for a Chapter 13. A discussion on the record addressed that the $800 a month Mr. Siladi is receiving from his son must be factored into the Chapter 13 plan. An amended plan was due by June 23, 2026 and was not filed by Mr. Siladi.

## II.    CONCLUSIONS OF LAW

### Burden of Proof

1.    Mr. Siladi bears the burden of proof that the Trust knowingly violated the Discharge Order by clear and convincing evidence. *In Re Haemmerle,* 529 B.R. 17, 25 (2015). Mr. Siladi has failed to satisfy a clear and convincing burden of proof.

### The Discharge Order Did Not Bar the Filing of the Secured POC

2.    The Discharge Order did not prohibit the filing of the Secured POC against the bankruptcy estate. *Clayton v. Roundup Funding LLC (In Re Clayton),* 2010 Bankr. Lexis 3596 (Bankr. E.D. Wash. 2010); *In Re Surprise,* 342 B.R. 119 (Bankr. EDNY 2006). 11 U.S.C. § 524(a) does not prohibit the filing of a proof of claim against a bankruptcy estate. In *Clayton* , the court stated "in order to for the court to find there was a violation of the discharge injunction, the Claytons must establish a violation of a specific court order…[T[he language of the section 524(a) injunction does not encompass the act of filing a claim against a bankruptcy estate." See also *In Re Surprise,* 342 B.R. 119 (Bankr. EDNY 2006)(filing of proof of claim was not an action taken outside of the jurisdiction of the court and did not violate 11 U.S.C. § 542(a) or 11 U.S.C. § 362(a)).

5

The Second Circuit has held that the filing of a proof of claim in bankruptcy is not subject to the provisions of the Fair Debt Collection Practices Act ("FDCPA"). *Simmons v. Roundup Funding, LLC,* 622 F. 3d 93 (2d Cir. 2010). Creditors have the right to file claims in bankruptcy, whether or not they are enforceable. *Midland Funding v. Johnson,* 581 U.S. 224, 229 (2017)("The word 'enforceable' does not appear in the Code's definition of 'claim'". *See* 11 U.S.C. § 101(5)). "Congress intended …to adopt the broadest available definition of claim". *Midland*, 581 U.S. at 229. If a claim is unenforceable, it will be disallowed. 11 U.S.C.§ 502(b)(1). In a Chapter 13, the case includes a trustee, who is to examine proofs of claim and where appropriate, pose an objection. *Midland*, 581 U.S. at 229; 11 U.S.C. § 1302(a). The bankruptcy claims resolution process is "generally a more streamlined and less unnerving prospect for a debtor than facing a collection lawsuit". *Midland*, 581 U.S. at 231, quoting *In Re Gatewood,* 533 B.R. 905, 909 (2015).

<u>Filing a Secured POC Is Not Debt Collection In a Foreclosure</u>.

3.      Filing the secured POC against the bankruptcy estate was not debt collection against Mr. Siladi. Foreclosure of a mortgage alone is not the collection of a debt as the mortgage is only security. *Derisme v. Hunt Leibert Jacobson, PC*, 880 F. Supp. 2d 311, 321 (2012). The sole basis to obtain a money judgment against a borrower in a Connecticut foreclosure is by means of a motion for deficiency judgment, which cannot be filed until title has passed to the mortgagee. *Id*. at 321; C.G.S.§ 49-14.

Mr. Siladi's motions for sanctions rely upon authority outside the Second Circuit. *See Green Point Credit, LLC v. McLean (In Re McLean),* 794 F. 3d 1313 (11th Cir.)(2015). *McLean* is not binding on this court and can be distinguished. In *McLean,* the creditor filed an unsecured proof of claim for the deficiency amount against the debtor, which was deemed pressure to repay a debt. The Trust's POC was a secured claim and under state law, foreclosure of the mortgage is

6

not an effort to recover a debt but is an act to recover the security for the debt. *Derisme v. Hunt Leibert Jacobson, PC*, 880 F. Supp. 2d 311, 321 (2012). The sole statutory means to recover a deficiency judgment in a mortgage foreclosure is to file a timely motion within 30 days of the foreclosure of the equity of redemption. C.G.S. § 49-14. Title has not passed to the Trust in the Foreclosure.

<u>Civil Contempt</u>

4.     By withdrawing the secured POC, the Trust purged any concern regarding contempt for a violation of the Discharge Order.  *CBS Broad, Inc. v. FilmOn.com, Inc.,* 814 F. 3d 91, 101 (2d. Cir. 2015).

<u>The Discharge Order Was Not Violated</u>

5.     There is no clear and convincing proof that the Discharge Order was violated, as the filing of a proof of claim against a bankruptcy estate for a discharged debt does not violate the discharge injunction. *Clayton v. Roundup Funding LLC (In Re Clayton),* 2010 Bankr. LEXIS 3596 (Bankr. E.D. Wash. 2010); *In Re Surprise,* 342 B.R. 119 (Bankr. EDNY 2006). Accordingly, there is no clear and convincing proof of non-compliance with the Discharge Order, which is a required element for a finding of civil contempt. *EEOC v. Local 580,* 925 F. 2d 588, 594 (2d Cir. 1991).

6.     There is a fair ground of doubt as to whether the Discharge Order barred the Trust's filing of the POC against the bankruptcy estate. *Clayton v. Roundup Funding LLC (In Re Clayton),* 2010 Bankr. Lexis 3596 (Bankr. E.D. Wash. 2010); *In Re Surprise,* 342 B.R. 119 (Bankr. EDNY 2006). A court may hold a creditor in civil contempt for violating a discharge order if there is no fair ground of doubt as to whether the order barred the creditor's conduct. *Taggart v. Lorenzen,* 587 U.S. 554 (2019).

55043\330599879.v1

7.      The Trust's filing of the POC against the bankruptcy estate was objectively reasonable based upon authority holding that the filing of a proof of claim against a bankruptcy estate on a discharged debt does not violate the discharge injunction. *Clayton v. Roundup Funding LLC (In Re Clayton),* 2010 Bankr. Lexis 3596 (Bankr. E.D. Wash. 2010); *In Re Surprise,* 342 B.R. 119 (Bankr. EDNY 2006).

8.      The Trust has been reasonably diligent in attempting to accomplish what was required in the Discharge Order, including withdrawing the secured POC. *EEOC v. Local 580,* 925 F. 2d 588, 594 (2d Cir. 1991); accord *Egbarin v. Law Office of Robert H. Weinstein,* 2007 Bankr. Lexis 3512 (Bankr. Conn. 2007).

<u>The Trust Did Not Act Willfully to Violate the Discharge Order</u>

9.      The Trust did not intend that its action in filing a secured POC violate the Discharge Order. Unintended violations of the discharge injunction, as well as those violations which are quickly repaired, should not be punished as contempt. *In Re Dabrowski,* 257 B.R. 394, 416 (S.D.N.Y. 2001)(technical and unintended violation of debtor's rights did not warrant sanctions); *In Re Thompson,* 2007 Bankr. Lexis 2830 (Bankr. NDNY 2007)(City did not act in bad faith when it mailed the debtors notice of their intent to shut off water even after the debtors' received a discharge).

10.      The filing of the secured POC by the Trust against the bankruptcy estate did not improperly coerce or harass Mr. Siladi, nor was it an immediate threat to Mr. Siladi. A creditor violates the discharge injunction when it (i) has notice of the debtor's discharge; (ii) intends the actions which constitute the violation, and (iii) acts in a way that improperly coerces or harasses the debtor." *Lumb v. Cimenian (In Re Lumb)*, 401 B.R. 1 (B.A.P. 1st Cir. 2009). An action is coercive where it is "tantamount to a threat" or places the debtor "between a rock and a hard place"

55043\330599879.v1

in which he would lose either way. *Id.* at 7. Coercion is measured by an objective standard. *Bates v. Citimortgage, Inc.,* 844 F. 3d 300 (1st Cir. 2016); *In Re Prisco*, 2017 Bankr. LEXIS 2271 (Bankr. NDNY 2017). Courts consider the "immediateness" of the threatened action as well as the context in which it occurred. *In Re Lumb*, 401 B.R. at 7. Subsequent to the filing of the secured POC, Mr. Siladi has filed his first and second amended Chapter 13 plans, neither of which have been confirmed. The filing of the secured POC has not impacted Mr. Siladi's ability to obtain a confirmed plan.

<u>Equity Should Bar the Relief Sought by Mr. Siladi</u>

11.      Mr. Siladi has unclean hands based on multiple filings in this case and in the Foreclosure, which alleged he owned the Property, or the equity in the Property, after the conveyance to Rosehill. Mr. Siladi has a business relationship with Rosehill to share the equity in the Property. Equitable principles apply to determine if a party may be held in contempt for a violation of the discharge injunction. *Taggart v. Lorenzen,* 587 U.S. 554, 562 (2019). "The unclean hands defense is an 'ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief.' (citation omitted). The unclean hands doctrine applies only where the misconduct alleged as the basis for the defense 'has immediate and necessary relation to the equity that [plaintiff] seeks in respect of the matter in litigation.'" (citation omitted) *Specialty Minerals, Inc. v. Pluess-Staufer AG,* 395 F. Supp. 2d 109, 112 (2d Cir. 2005); *Keystone Driller Co., v. General Excavating Co.,* 290 U.S. 240 (1933).

12.      Based upon Mr. Siladi's unclean hands in referring to the Property as if he owned it on the 2023 Bankruptcy schedules, stating he had a legal or equitable interest in the Property in his 2025 schedules and other filings, has an immediate and necessary relation to his motions for sanctions, as he retained an interest in the Property's equity, which is not set forth in the Rosehill

9

Deed. The Rosehill Deed was not for fair market value. Mr. Siladi should be barred from arguing that the filing of the POC against the bankruptcy estate was a violation of the discharge injunction based on his alleged lack of an ownership interest in the Property. *Specialty Minerals, Inc. v. Pluess-Staufer AG,* 395 F. Supp. 2d 109, 112 (2d Cir. 2005). *Keystone Driller Co., v. General Excavating Co.,* 290 U.S. 240 (1933).

<u>Damages</u>

13.     Mr. Siladi has not met his burden of proof regarding any claimed damages as a result of the filing of the POC against the bankruptcy estate. "In order to sustain a claim for emotional distress damages, a debtor must prove "a close causal connection between the harm and the stay/discharge violation." *In Re Haemmerle,* 529 B.R. 17, 29 (2015). A debtor must also prove severe emotional distress, with corroborating proof from other sources, such as a doctor's testimony or proof that the debtor's condition necessitated medical care. *Laurion v. Core Plus Federal Credit Union (In Re Laurion),* 2025 Bankr. LEXIS 615 (Bankr. D. Conn. 2025). No such evidence has been admitted.

<u>Punitive Damages</u>

14.     Mr. Siladi did not prove any egregious conduct by the Trust, so no punitive damages can be awarded. Absent egregious conduct on the part of the creditor, punitive damages are rarely awarded in civil contempt actions for violation of the discharge injunction. *Rey v. Laureda (In Re Rey),* 324 B.R. 449, 458 (Bankr. E.D.N.Y. 2005); *Egbarin v. Law Office of Robert H. Weinstein,* 2007 Bankr. LEXIS 3512 (Bankr. D. Conn. 2007); *see Laurion v. Core Plus Federal Credit Union (In Re Laurion),* 2025 Bankr. LEXIS 615 (Bankr. D. Conn. 2025)(single billing notice not egregious). Actions must be taken with "either malevolent intent or a clear disregard

and disrespect of bankruptcy laws" to award punitive damages. *In Re Haemmerle,* 529 B.R. 17, 30 (Bankr. E.D.N.Y. 2015).

Respectfully submitted,

Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Washington Mutual Mortgage Securities Corp. WaMu Mortgage Pass-Through Certificates, Series 2005-AR6 and its assigns by its servicing agent, Select Portfolio Servicing, Inc

/s/ Geoffrey K. Milne
Geoffrey K. Milne, ct12854
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001 (facsimile)
gmilne@hinshawlaw.com

Dated:      July 3, 2026

11

## **CERTIFICATE OF SERVICE**

I, Geoffrey K. Milne, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 3, 2026 and regular first class mail and electronically to:

Paul Alex Siladi, Jr.
66 Augusta Drive
Milford, CT 06461
Snep10@gmail.com


/s/ Geoffrey K. Milne
Geoffrey K. Milne

12

55043\330599879.v1